

# Notice of Service of Process

**SLM / ALL**
**Transmittal Number:** 19069197
**Date Processed:** 12/10/2018

| | |
|---|---|
| **Primary Contact:** | Pamela Beyer<br>The Travelers Companies, Inc.<br>385 Washington Street, 9275-LC12L<br>Saint Paul, MN 55102 |
| **Entity:** | St. Paul Fire and Marine Insurance Company<br>Entity ID Number  1722063 |
| **Entity Served:** | St. Paul Fire & Marine Insurance Company |
| **Title of Action:** | Northwood Children's Home Society, Inc., d/b/a Northwood Children's Services vs. The Travelers Companies, Inc |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | St. Louis County District Court, MN |
| **Case/Reference No:** | 69DU-CV-18 |
| **Jurisdiction Served:** | Minnesota |
| **Date Served on CSC:** | 12/07/2018 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | Travelers on 12/07/2018 |
| **How Served:** | Client Direct |
| **Sender Information:** | Joseph J. Mihalek<br>218-722-0861 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# Exhibit 1

*Personally Served CHO*
*12/7/18 by PJB*
*9:05 AM*

STATE OF MINNESOTA                                              DISTRICT COURT

COUNTY OF ST. LOUIS                                        SIXTH JUDICIAL DISTRICT

---

Northwood Children's Home                   Court File No. 69DU-CV-18-_____
Society, Inc., d/b/a Northwood
Children's Services,                                                Case Type: 14
                                                                Declaratory Judgment
            Plaintiff,

v.

The Travelers Companies, Inc.,
a Minnesota corporation,
✓St. Paul Fire & Marine Insurance
Company, a Connecticut corporation,
USF&G Corporation, a Connecticut
corporation, and ABC Insurance Co.,

            Defendants.

---

### SUMMONS

---

THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANTS:

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

    Fryberger, Buchanan, Smith & Frederick, P.A.
    Attorneys at Law
    302 West Superior Street, Suite 700
    Duluth, Minnesota 55802

1

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice for District Courts. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: November 30, 2018

FRYBERGER, BUCHANAN, SMITH & FREDERICK, P.A.

By _____
Joseph J. Mihalek, Atty. No. 72904
Eric S. Johnson, Atty. No. 0389334
700 Lonsdale Building
302 West Superior Street
Duluth, Minnesota 55802
(218) 722-0861
jmihalek@fryberger.com
ejohnson@fryberger.com
ATTORNEYS FOR PLAINTIFF

2

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF ST. LOUIS | SIXTH JUDICIAL DISTRICT |

| | |
|---|---|
| Northwood Children's Home Society, Inc., d/b/a Northwood Children's Services,<br><br>Plaintiff,<br><br>v.<br><br>The Travelers Companies, Inc., a Minnesota corporation, St. Paul Fire & Marine Insurance Company, a Connecticut corporation, USF&G Corporation, a Connecticut corporation, and ABC Insurance Co.,<br><br>Defendants. | File No. 69DU-CV-18-_____<br><br>Case Type: 14<br>Declaratory Judgment |

## COMPLAINT

Northwood Children's Home Society, Inc., d/b/a Northwood Children's Services, for its cause of action against defendants, individually and collectively, states and alleges as follows:

### Parties

1.  Northwood Children's Home Society, Inc., d/b/a Northwood Children's Services ("Plaintiff" or "Northwood"), is a Minnesota nonprofit corporation that conducts business at 714 College Street, Duluth, Minnesota 55811.

2. The Travelers Companies, Inc. ("Travelers") is a Minnesota corporation which conducts business in the state of Minnesota and whose registered office is located at 385 Washington Street, St. Paul, Minnesota 55102.

3. St. Paul Fire & Marine Insurance Company ("St. Paul") was incorporated in Minnesota but re-domesticated to Connecticut in 2010. St. Paul acquired Travelers by merger in 2004 and the merged company is now known as The Travelers Companies. St. Paul is registered to conduct business in the state of Minnesota and has its registered office located at 385 Washington Street, St. Paul, Minnesota 55102.

4. USF&G Corporation ("USF&G") was incorporated in Maryland but re-domesticated to Connecticut in 2010. USF&G was acquired by St. Paul in 1998. Upon information and belief, USF&G operates as a subsidiary of St. Paul/Travelers and has a registered office at 385 Washington Street, St. Paul, Minnesota 55102.

5. By virtue of mergers and acquisitions, Travelers is liable for the obligations insured prior to the mergers by Travelers, St. Paul, USF&G and other present and former subsidiaries of Travelers.

6. Defendant ABC Insurance Company is an insurance company whose present identity is unknown and who is or may be liable to plaintiff for the claims asserted in this complaint.

### Jurisdiction and Venue

7. This court has general subject matter jurisdiction over this action under Minn. Stat. §§ 484.01 and 555.01.

8.  This court has personal jurisdiction over defendants because they conduct business in the state of Minnesota and maintain registered offices in the state of Minnesota for various business purposes, including but not limited to receipt of service of process.

9.  Venue in St. Louis County is appropriate under Minn. Stat. § 542.09.

### Facts

10. Northwood, organized in 1887, provides residential facilities for the care, education and treatment of minor children with emotional, behavioral and learning disabilities.

11. Upon information and belief, during the time period 1964 through 1968, Northwood purchased and had in force commercial general liability ("CGL") policies of insurance written by defendants and defendants' predecessors in interest.

12. Upon informational and belief, The CGL policies provided occurrence-based coverage that, among other things, required the insurers to defend and indemnify Northwood for all claims of liability based on negligent acts occurring during the time period the CGL policy and its successor policies were in effect.

13. Upon information and belief, the policy limits of the defendants' CGL policies were at least $350,000 for general liability claims. The CGL policies obligate defendants to defend and indemnify Northwood for any negligence claims whenever made based on events or occurrences that take place during the policy periods.

14. Due to the inability to predict that in 2013, decades after the statute of limitations expired for potential claims arising from occurrences between 1964 and 1968,

the Minnesota legislature would open a window for otherwise time-barred claims to be brought on or before May 24, 2016, Northwood did not retain a copy of its CGL policies that were in force between 1964 and 1968 or the policy numbers. The defendants' policies under which Northwood was insured between 1964 and 1968 are hereinafter collectively referred to as the "Lost Policies."

15.     In March 2016, a lawsuit was commenced in St. Louis County District Court entitled *Fred Tiffany v. Northwood Children's Home Society, Inc., d/b/a Northwood Children's Services*, Court File No. 69DU-CV-16-593 (the "Tiffany Lawsuit").

16.     In the Tiffany Lawsuit, the plaintiff alleges that he is a former resident of Northwood and that during the period of his residence he was sexually abused by a Northwood employee. Tiffany alleges the abuse occurred at various times between 1964 and 1968. Based on the alleged abuse, the Tiffany Lawsuit asserts claims against Northwood for negligence, negligent supervision and negligent retention.

17.     Northwood denied the plaintiff's allegations asserted in the Tiffany Lawsuit.

18.     Upon information and belief, the Lost Policies provide general liability coverage to Northwood for the claims made in the Tiffany Lawsuit and require defendants to defend and indemnify Northwood.

19.     One of more of the defendants have admitted that they insured Northwood under various CGL policies during various periods of time, but they have ignored and failed to respond to Northwood's demand for full disclosure of their coverage records to determine their defense and indemnification obligations. Upon

information and belief, defendants' refusal to defend and indemnify Northwood is a violation of their duties and obligations to Northwood under the Lost Policies.

20.     Northwood retained and paid defense counsel to defend Northwood in the Tiffany Lawsuit.

21.     Northwood settled the Tiffany lawsuit on a confidential basis and Northwood paid Tiffany the full amount of the agreed-upon settlement and is now entitled to reimbursement from defendants for the full amount of its costs of defense and settlement up to the dollar coverage limits of the Lost Policies.

22.     Northwood has made a *bona fide* and diligent search for the Lost Policies and, to date, has been unsuccessful in locating them.

## Count One
### Declaratory Judgment

23.     Northwood re-alleges and incorporates by reference all preceding paragraphs.

24.     This complaint for declaratory relief is brought in accordance with Rule 57 of the Minnesota Rules of Civil Procedure and Minnesota Statutes, chapter 555, to obtain a declaration of Northwood's rights and insured status and defendants' duties and obligations under the Lost Policies.

25.     A justiciable controversy exists between Northwood and defendants relating to their respective rights, duties, obligations and status under the Lost Policies.

26.     Northwood seeks a declaration that:

    a.     Northwood has conducted a diligent and exhaustive search for the Lost Policies;

b. Northwood did not act in bad faith in failing to retain its own copy of the Lost Policies or information about the Lost Policies;

c. Northwood was insured under the Lost Policies between 1964 and 1968;

d. The Lost Policies provide occurrence-based coverage that includes negligence claims based on occurrences during the policy period(s) regardless of when the claims are asserted;

e. The Lost Policies provide coverage for the claims and injuries asserted against Northwood in the Tiffany Lawsuit;

f. The Lost Policies include limits of at least $350,000 per occurrence;

g. The Lost Policies do not contain a deductible;

h. Northwood complied with all of its duties and obligations under the Lost Policies;

i. Under the Lost Policies, defendants have no valid defense to coverage for the Tiffany Lawsuit;

j. The Lost Policies require defendants to defend Northwood in the Tiffany Lawsuit separately from the limits of liability; and

k. The Lost Policies require defendants to indemnify Northwood for all costs of defense and costs of settlement of the Tiffany Lawsuit.

**WHEREFORE**, plaintiff Northwood Children's Home Society, Inc., d/b/a Northwood Children's Services, requests entry of judgment in its favor and against defendants and each of them as follows:

A. Issuing a declaratory judgment in favor of Northwood as set forth in Count One, ¶25;

B.  Awarding Northwood its costs, expenses, and attorneys' fees as permitted by law and/or contract; and

C.  Granting Northwood such other and further relief as the court deems appropriate.

Dated: November 30, 2018

FRYBERGER, BUCHANAN, SMITH & FREDERICK, P.A.

By _____
Joseph J. Mihalek, Atty. No. 72904
Eric S. Johnson, Atty. No. 0389334
700 Lonsdale Building
302 West Superior Street
Duluth, Minnesota 55802
(218) 722-0861
jmihalek@fryberger.com
ejohnson@fryberger.com
ATTORNEYS FOR PLAINTIFF

## ACKNOWLEDGMENT

The undersigned acknowledges on behalf of Northwood Children's Home Society, Inc. that sanctions may be imposed under Minn. Stat. § 549.211.

_____
Joseph J. Mihalek
M:\DOCS\06190\000007\COM\1751779.DOCX

7