UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Northwood Children's Home Society, Inc.,      Civ. No. 18-3484 (PAM/LIB)

    Plaintiff,

v.      **MEMORANDUM AND ORDER**

The Travelers Companies, Inc., St. Paul
Fire & Marine Insurance Company, and
USF&G Corporation,

    Defendants.

---

This matter is before the Court on Plaintiff's Motion to Remand. For the following reasons, the Motion is granted.

**BACKGROUND**

Plaintiff Northwood Children's Home Society instituted this action against Defendant insurance companies, contending that insurance policies some or all of these Defendants issued to Northwood provide coverage for claims brought against Northwood by a former resident. The former resident alleges that he was sexually abused by a Northwood employee in the 1960s. The resident brought a lawsuit against Northwood in March 2016, after the Minnesota legislature extended the statute of limitations for otherwise time-barred sexual-abuse lawsuits. Northwood settled the lawsuit and now seeks a declaration that one or more of the Defendants must provide insurance coverage for the settlement. There is no dispute that Northwood no longer has copies of its decades-old insurance policies.

Defendants removed the case to this Court, invoking the Court's diversity jurisdiction. Defendants acknowledge that Defendant The Travelers Companies, Inc., is a Minnesota resident for purposes of diversity jurisdiction but argue that Northwood fraudulently joined Travelers. Northwood asserts that Travelers was not fraudulently joined and now asks the Court to remand the matter to state court.

**DISCUSSION**

To determine whether a non-diverse defendant has been fraudulently joined, the Court must determine "whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 811 (8th Cir. 2003). If there is such an arguably reasonable basis, the joinder is not fraudulent. Id. at 810. In other words, "if there is a 'colorable' cause of action—that is, if the state law might impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." Id. (emphasis and footnote omitted). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro Prod. Liab. Litig., 591 F.3d 613, 620 (8th Cir. 2010). Defendants bear the "heavy" burden to establish that the joinder of a non-diverse defendant was fraudulent. Arens v. O'Reilly Auto., Inc., 874 F. Supp. 2d 805, 808 (D. Minn. 2012) (Kyle, J.).

Under Minnesota law, a corporation that purchases or receives by transfer the assets of a second corporation is generally not liable for the debts and liabilities of the second corporation. Niccum v. Hydra Tool Corp., 438 N.W.2d 96, 98 (Minn. 1989). But this rule is subject to four exceptions:

> (1) where the purchaser expressly or impliedly agrees to assume such debts; (2) where the transaction amounts to a consolidation or merger of the corporation; (3) where the purchasing corporation is merely a continuation of the selling corporation; and (4) where the transaction is entered into fraudulently in order to escape liability for such debts.

J.F. Anderson Lumber Co. v. Myers, 206 N.W.2d 365, 368-69 (Minn. 1973) (citation omitted).

The Complaint alleges that, "[b]y virtue of mergers and acquisitions, Travelers is liable for the obligations insured prior to the mergers by Travelers, St. Paul, USF&G and other present and former subsidiaries of Travelers." (Compl. (Docket No. 1-1) ¶ 5.) Defendants argue that, under the terms of the various agreements by which Travelers acquired its subsidiaries, Travelers did not accede to any of those subsidiaries' liabilities and thus is not legally responsible for Northwood's claims here. To prove this point, Defendants submitted an affidavit attaching all of the relevant contracts, comprising more than 200 pages. Defendants also described the complex web of corporate relationships for five pages of their 21-page memorandum in opposition to the Motion.

Northwood objects to the submissions, arguing that the Court should confine itself to the allegations of the Complaint in making the fraudulent-joinder determination. Defendants point to authority for the proposition that the Court may consider affidavits in this instance.

But while some decisions give passing reference to the idea that, "[i]n appropriate cases, courts may take a limited look at evidence outside the pleadings in making th[e fraudulent joinder] inquiry," Welk v. GMAC Mortgage, LLC, 850 F. Supp. 2d 976, 995 (D. Minn. 2012) (Schiltz, J.), in practice, courts do not entertain affidavits of the sort

3

offered here. Indeed, in Welk, the Court did not rely on matters outside the pleadings to determine that the plaintiff had fraudulently joined a non-diverse defendant. Rather, the Court found that the claims against the non-diverse defendant were frivolous and that therefore there was "no reasonable basis in fact and law" to support a claim against the non-diverse defendant. Id. Similarly, the court of appeals, while stating that "some courts examine material beyond the complaint's allegations to 'determine if there is any factual support' for the claims against the allegedly fraudulently joined defendant,'" resolved the fraudulent-joinder issue without reference to any materials outside the pleadings. Block v. Toyota Motor Corp., 665 F.3d 944, 948 (8th Cir. 2011) (quoting Masepohl v. Am. Tobacco Co., 974 F. Supp. 1245, 1250 (D. Minn. 1997) (Magnuson, J.)). Nor did the Masepohl decision rely on matters outside the pleadings in determining that the non-diverse defendants had been fraudulently joined. See Masepohl, 974 F. Supp. at 1250-51 (finding that plaintiff conceded certain facts and failed to allege other facts that would allow the imposition of liability on non-diverse defendants). And in the Supreme Court case on which Defendants rely, the Court noted that both parties had submitted affidavits in support of their respective positions on the fraudulent-joinder issue in the lower court, and found that the plaintiff's failure to object to the lower court's consideration of affidavits precluded the Supreme Court's review of that issue. Wecker v. Nat'l Enameling & Stamping Co., 204 U.S. 176, 183, 185 (1907). The Supreme Court did not affirm the lower court's reliance on affidavits for the fraudulent-joinder analysis, as Defendants imply. (Defs.' Opp'n Mem. (Docket No. 24) at 15.)

In determining that Minnesota might impose liability on a successor corporation for a transferee corporation's debts, another Judge in this District relied solely on the allegations of the operative complaint: "It is plausible from [plaintiff's] allegations that [the non-diverse corporation] is a real party in interest and that Minnesota law might impose successor liability on [that corporation]." Aaron Carlson Corp. v. Cohen, No. 17cv268, 2017 WL 7370053, at *2 (D. Minn. May 19, 2017) (Wright, J.) (emphasis omitted). Judge Wright noted further that resolution of the Myers exceptions quoted above "is necessarily a fact-intensive inquiry," inappropriate for the fraudulent-joinder analysis. Id. The same result applies here.

Northwood has plausibly alleged that Travelers is responsible for the liabilities of the other Defendants "by virtue of mergers and acquisitions." (Compl. ¶ 5.) While the diversity-jurisdiction statute allows "courts in certain contexts to look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction." Mississippi ex rel. Hood v. AU Optronics Corp., 571 U.S. 161, 174 (2014), this case does not present the appropriate context to delve into matters beyond Northwood's allegations. Defendants have not established that Travelers was fraudulently joined, and this matter must therefore be remanded to state court.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion to Remand (Docket No. 10) is **GRANTED**; and

2. This matter is **REMANDED** to the St. Louis County District Court.

Dated: March 11, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge